UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————

No. 18-CR-10364-DPW

———————

UNITED STATES

v.

GENOVEVA ANDRADE,
Defendant

———————

**DEFENDANT'S MOTION FOR LEAVE TO FILE**
***KASTIGAR* MOTION AND EXHIBITS**
<u>**UNDER SEAL**</u>

Pursuant to Fed. R. Crim. P. 6 and Local Rule 106.1, defendant Genoveva Andrade ["Andrade"] hereby seeks leave of the Court to file the *Defendant's Motion for a* Kastigar *Hearing or, in the Alternative, to Dismiss* and the accompanying Exhibits 1 through 4 <u>under seal</u>.[1] In support of this motion, undersigned counsel states:

Although judicial proceedings and records are generally open and accessible to the public, *see United States v. Kravetz*, 706 F.3d 47, 53 (1st Cir. 2013), grand jury proceedings and records are secret and not subject to disclosure absent court order. *See* Fed. R. Crim. P. 6(e)(2)(B), (e)(2)(E), (e)(6). *See also* Local Rule 106.1(b). The defendant's *Kastigar* motion seeks a hearing to determine whether statements she made under a grant of immunity were used by the government in its investigation and presentment to the grand jury or will be used by the government at trial and

---

[1] The defendant's *Kastigar* motion and exhibits will be submitted to the Court and served on the United States and counsel for lead defendant Jasiel F. Correia, II contemporaneously with the electronic filing of this motion.

dismissal of counts of the indictment if so. Exhibits 1, 3, and 4 to the defendant's *Kastigar* motion are orders and other documents relating to the grand jury proceedings that must be kept under seal. *See* Fed. R. Crim. P. 6(e)(6)("Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent unauthorized disclosure of a matter occurring before the grand jury").[2]

The defendant's *Kastigar* motion necessarily discusses these exhibits, as well as other aspects of the grand jury proceedings, which the defendant is contesting. As such, rather than redacting it to remove necessary discussion of the grand jury proceedings, undersigned counsel seeks leave of the Court to file the motion itself under seal. *See* Local Rule 106.1(b) (all documents filed with the clerk concerning or contesting grand jury proceedings "shall be sealed and impounded" absent court order based on showing of "particularized need").

---

[2] Exhibit 2 is a memorandum of interview of the defendant.

Respectfully submitted,

**GENOVEVA ANDRADE**

By her counsel,

/s/ Charles W. Rankin
Charles W. Rankin
BBO No. 411780
crankin@rankin-sultan.com
Rankin & Sultan
151 Merrimac Street, Suite 201
Boston, MA 02114
(617)720-0011

January 17, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the Electronic Filing System (CM/ECF) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on January 17, 2020.

/s/Charles W. Rankin
Charles W. Rankin