UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 18-10364-DPW |
| v. ) | |
| ) | |
| (2) GENOVEVA ANDRADE, ) | |
| ) | |
| Defendant ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT ANDRADE'S MOTION TO SEVER

Defendant Andrade has moved to sever her trial from defendant Correia's trial pursuant to Fed. Rs. Crim. P. 8(b) and 14(a). *See* ECF Dkt. No. 94 ("Def.'s Mtn."). Insofar as Andrade seeks severance of Counts 1-13 ("the SnoOwl counts") from Counts 14-26 ("the corruption counts"), the government does not oppose Andrade's motion – at least for as long as Andrade remains in the case. If, however, Andrade pleads guilty prior to trial, the government's positon is that Correia, who has not moved for severance, should be tried on all counts at one trial beginning on May 4.[1]

To the extent that Andrade seeks severance of her trial from Correia's trial on the corruption counts, the government opposes Def.'s Mtn. Correia and Andrade are accused of jointly running a corrupt administration; as such, joinder was proper under Rule 8(b), would not unfairly prejudice Andrade under Rule 14(a), and would promote judicial economy.

---

[1] Because Correia has not moved for severance – in fact, Correia's counsel informed the Court at a June 25, 2019 pretrial conference that Correia preferred one trial with respect to all of the government's allegations against him – the government does not brief herein the appropriateness of Rule 8(a) joinder of the SnoOwl counts and the corruption counts against Correia.

I.  FACTUAL BACKGROUND[2]

According to the Second Superseding Indictment, then-Mayor Correia and Chief of Staff Andrade jointly used the mayor's office to: (i) extort a marijuana vendor for a $250,000 bribe; (ii) extort a building owner for cash; and (iii) engage in an illegal bribe in which Andrade gave Correia half of her salary and almost all of a $10,000 "snow stipend" in return for Correia appointing and allowing Andrade to remain his chief of staff.  ECF Dkt. No. 69 at ¶ 4.

Of the 13 corruption counts charged in the Second Superseding Indictment, Correia is named in 11 (Counts 14-24), and Andrade is named in six (Counts 20-23, 25, and 26).  *See id.* at ¶¶ 119-132.

II.  LEGAL PRINCIPLES

Multiple defendants may be joined in the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Joining defendants in the same indictment is proper under Rule 8(b) if "there is some common activity" binding the defendants together "and that common activity encompasses all the charged offenses."  *United States v. Azor*, 881 F.3d 1, 10 (1st Cir. 2017) (quoting *United States v. Natanel*, 938 F.2d 302, 307 (1st Cir. 1991)). Joinder is proper "even when the objecting defendant is only connected to one part of [the common] scheme," *Azor*, 881 F.3d at 11, and is not involved in every charged offense, *Natanel*, 938 F.2d at 307.  Further, compliance with Rule 8(b) is usually satisfied if the defendants are charged with conspiracy.  *See, e.g.*, *United States v. Baltas*, 236 F.3d 27, 33 (1st Cir. 2001).

---

[2] Because the government does not oppose Def.'s Mtn. insofar as it seeks severance of the SnoOwl counts, only those facts relevant to joinder of Andrade and Correia with respect to the corruption counts are included herein.

To overcome the judicial system's "strong preference" for jointly trying properly joined defendants, *Azor*, 881 F.3d at 10, a defendant protesting joinder under Rule 14(a) has the burden of "mak[ing] a 'strong showing of prejudice' likely to result from a joint trial," *United States v. Luna*, 585 F.2d 1, 4 (1st Cir. 1978); *see also* Fed. R. Crim. P. 14(a) (noting court may sever trials to avoid prejudice). However, as "some level of prejudice is inherent in trying two or more defendants together," *Azor*, 881 F.3d at 12, making a showing of "[g]arden variety prejudice" is not sufficient to warrant severance, *United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008). A protesting defendant instead must show that there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "The 'spillover effect,' whereby evidence against co-defendants may inspire a 'transference of guilt from one [defendant] to another,' rarely constitutes" sufficient evidence of the type of prejudice required to warrant severance. *Azor*, 881 F.3d at 12.

III.    ARGUMENT

<u>Andrade and Correia Should Be Tried Together on the Corruption Counts</u>

The vast majority of Def.'s Mtn. is devoted to arguing that the SnoOwl counts should be severed. The Court, however, already indicated that it was inclined to sever those counts (ECF Dkt. No. 87), and the government does not oppose their severance in any event with respect to Andrade. Regarding the corruption counts, Andrade makes three arguments in support of severance: (1) an undeveloped "risk of prejudice" claim; (2) a judicial economy claim; and (3) a conclusory relative culpability claim, *i.e.*, Andrade only extorted one marijuana vendor, while Correia extorted four. *See* Def.'s Mtn. at 9, n.9, 11.

Each of Andrade's arguments is readily dispatched. As set forth below, Andrade and Correia, who jointly led a corrupt administration, and conspired together in several related schemes, were properly joined under Rule 8(b). Moreover, Andrade has not met her burden under Rule 14(a) to show specific prejudice. Finally, a joint trial of Andrade and Correia on the corruption counts would promote judicial economy, conserve prosecutorial resources, and avoid the possibility of inconsistent verdicts.

>    i. Andrade and Correia were Properly Joined Under Rule 8(b)

Andrade and Correia were properly joined under Rule 8(b) because the corruption counts relate to the same series of acts and transactions. First, both defendants participated in a conspiracy to receive $250,000 in exchange for the issuance of a non-opposition letter to MJ Vendor #4 (Counts 20 and 21). *See* ECF Dkt. No. 69 at ¶¶ 83-85. Indeed, the allegations make clear that Andrade viewed herself as an integral part of Correia's corrupt organization, telling MJ Vendor #4, after he agreed to pay a quarter of a million dollar bribe, "[Y]ou're family now." *Id*. at ¶ 85(g). Andrade and Correia were also both present at a subsequent meeting with MJ Vendor #4 where Correia agreed to reduce MJ Vendor #4's annual legitimate payment of $50,000 to the city of Fall River if MJ Vendor #4 agreed to another $25,000 bribe to Correia. *Id*. at ¶ 85(h).

Second, Andrade and Correia jointly participated in the conspiracy to extort Middleman #1. Andrade and Correia were allegedly together in July 2017 when Correia told Middleman #1 to give him $3,900 in cash back in return for a rent check for $3,900. *Id*. at ¶ 93. Andrade even instructed Middleman #1 not to hand over cash in front of windows to avoid detection. *Id*. at ¶ 93.

Third, Andrade corruptly agreed with Correia to pay him half of her salary and a "snow stipend" in return for getting and keeping her job as his chief of staff. *Id*. at ¶ 98-110.

Finally, Andrade repeatedly lied to federal law enforcement agents on December 10, 2018, presumably to protect herself and Correia from prosecution. Among other things, Andrade falsely told law enforcement that Correia would never accept money in exchange for a non-opposition letter, notwithstanding the fact that, six months earlier, she personally participated in that very crime with respect to MJ Vendor #4. *Id*. at ¶ 111-112.

As the above examples make clear, there was ample "common activity binding" Andrade and Correia together with regard to the corruption counts, *Azor*, 881 F.3d at 11, and Andrade and Correia both participated in "the same transactions" constituting an offense. *Luna*, 585 F.2d at 4. As such, they are properly joined under Rule 8(b).

## ii. There is No Substantial Prejudice under Rule 14(a)

The requisite "heavy burden" of showing prejudice is not satisfied by showing that one defendant is less culpable than another, or that the defendant would have a better chance of acquittal in a separate trial, or by a complaints of "spill-over" of damaging evidence presented against a codefendant. *United States v. Morgan*, 748 F.3d 1024, 1043 (10th Cir. 2014). Indeed, beyond an undeveloped relative culpability argument, it is not clear what *specific* prejudice Andrade believes would result from joint trial on the corruption counts.

In *United States v. Inzunza*, No. 03-CR-2434JM, 2005 WL 8160867, (S.D. Cal. Mar. 10, 2005), defendant moved to sever the only count alleged against him in a 40-count indictment. In rejecting that motion, the district court held that the fact that the defendant would have to endure six to eight weeks of trial testimony on the 39 of 40 counts that were not relevant to his case was not sufficient prejudice under Rule 14. *Id.* at *2. Here, where Andrade is charged in 6 of the 13 corruption counts (and Correia 11), and the Second Superseding Indictment alleges at least three separate illegal schemes in which she jointly participated or conspired with Correia, Andrade has

fallen far short of meeting her heavy burden to overcome the judicial system's "strong preference" for jointly trying properly joined defendants.

Finally, to the extent there is any concern, routine limiting instructions will cure any risk of unfair prejudice. As the Supreme Court noted, "[L]ess drastic measures [than severance,] such as limiting instructions, often will suffice to cure any risk of prejudice," *Zafiro*, 506 U.S. at 539; *see also United States v. DeLeon*, 187 F.3d 60, 63-64 (1st Cir. 1999) (the trial court did not abuse its discretion by declining to sever a trial notwithstanding the "significant disparity in both the nature and the amount of evidence introduced against" a co-defendant).

### iii. Joint Trial on The Corruption Counts Would Promote Judicial Economy

Andrade argues that it would be inefficient "to require Correia to proceed to trial twice instead of requiring Correia and Andrade each to proceed to trial once, on the allegations levied against them individually." Def.'s Mtn. at 9, n.9. This is actually backwards. While there is very limited witness overlap between the SnoOwl counts and the corruption counts, if Andrade and Correia were tried separately on the corruption counts, several witnesses would have to testify twice to essentially the same facts, including, at a minimum, Middleman #1, Middleman #2, MJ Vendor #4, MJ Vendor #5, former Fall River employees, and several law enforcement witnesses. The First Circuit has "repeatedly refused" to overrule a trial court's denial of severance in cases such as this one where "substantially the same evidence" would be admitted in separate trials. *Richardson*, 515 F.3d at 82; *see also United States v. Burgos*, 254 F.3d 8, 14 (1st Cir. 2001) ("Because proof of the two charges involved some of the same evidence and the same witnesses, and Burgos did not make an adequate showing of prejudice from joinder of the two counts, the district court was well within its discretion in denying the motion to sever.").

IV. CONCLUSION

With respect to the corruption counts, because Andrade and Correia were properly joined under Rule 8(b), because Andrade has fallen far short of her heavy burden to demonstrate prejudice under Rule 14(a), and because a joint trial would promote judicial economy, this Court should deny Andrade's motion.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Zachary R. Hafer*
Zachary R. Hafer
David G. Tobin
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

*/s/ Zachary R. Hafer*
Zachary R. Hafer
Assistant U.S. Attorney

Date: February 3, 2020