

U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

December 7, 2020

Charles Rankin, Esq.
1666 Massachusetts Avenue, Suite P-16
Lexington, MA 02420

Re:   *United States v. Genoveva Andrade*
      Criminal No. 18-10364-DPW

Dear Charlie:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Genoveva Andrade ("Defendant"), agree as follows with respect to the above-referenced case:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to all counts in which she is named in the above-referenced Second Superseding Indictment: (i) Counts 20 & 22 – Extortion Conspiracy, in violation of 18 U.S.C. § 1951; (ii) Counts 21 & 23 – Extortion, Aiding and Abetting, in violation of 18 U.S.C. §§ 1951 and 2; (iii) Count 25 – Bribery, in violation of 18 U.S.C. § 666(a)(2); and (iv) Count 26 – False Statements, in violation of 18 U.S.C. § 1001(a)(2). Defendant expressly and unequivocally admits that she committed the crimes charged in Counts 20-23, and Counts 25-26 of the Second Superseding Indictment, did so knowingly, willfully, and corruptly, and is in fact guilty of those offenses.

2. Penalties

Defendant faces the following maximum penalties on each count of the Second Superseding Indictment:

- Counts 20-23: incarceration for 20 years; supervised release for three years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100 per count; restitution; and forfeiture to the extent charged in the Second Superseding Indictment.

- Count 25: incarceration for 10 years; supervised release for three years; a fine of

$250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Second Superseding Indictment.

- <u>Count 26</u>: incarceration for 5 years; supervised release for three years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; and restitution.

3.     <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that she may not withdraw her plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4.     <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

<u>Counts 20-21 – 18 U.S.C. § 1951 (Extortion of MJ Vendor #4)</u>

- in accordance with USSG § 2C1.1(a)(1), Defendant's base offense level is 14, because defendant was a public official;

- in accordance with USSG §§ 2C1.1(b)(2) and 2B1.1(b)(1)(E), Defendant's base offense level is increased by eight levels, because the value of the payment exceeded $150,000; and

- in accordance with USSG § 2C1.1(b)(3), Defendant's offense level is increased by four levels, because the offense involved an elected public official.

<u>Counts 22-23 – 18 U.S.C. § 1951 (Extortion of Middleman #1)</u>

- in accordance with USSG § 2C1.1(a)(1), Defendant's base offense level is 14, because defendant was a public official; and

- in accordance with USSG § 2C1.1(b)(3), Defendant's offense level is increased

2

by four levels, because the offense involved an elected public official.

Count 25 – 18 U.S.C. § 666(a)(2) (Chief of Staff Bribery Scheme)

- in accordance with USSG § 2C1.1(a)(1), Defendant's base offense level is 14, because defendant was a public official;

- in accordance with USSG §§ 2C1.1(b)(2) and 2B1.1(b)(1)(C), Defendant's base offense level is increased by four levels, because the value of the payment was approximately $22,800; and

- in accordance with USSG § 2C1.1(b)(3), Defendant's offense level is increased by four levels, because the offense involved an elected public official.

Count 26 – 18 U.S.C. § 1001(a)(2) (False Statements)

- in accordance with USSG § 2B1.1(a)(2), Defendant's base offense level is 6.

Multiple Counts/Grouping

- in accordance with USSG § 3D1.1(a)(1), Group 1 is Counts 20-23, and Count 25. Group 2 is Count 26;

- in accordance with USSG §§ 3D1.1(a)(2) and 3D1.3, the total offense level applicable to Group 1 is 26, and to Group 2 is 6; accordingly, the highest offense level is 26; and

- in accordance with USSG § 3D1.1(a)(3), the total number of units is 1, which corresponds to a total offense level of 26.

Acceptance of Responsibility

- in accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the

appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit Defendant's conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

    (d)    Fails to provide truthful information about Defendant's financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

    (f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Plea Agreement; or

    (j)    Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a)    incarceration for a period of time-served, to be followed by 12 months of supervised release;

    (b)    a fine of $10,000; and

    (c)    a mandatory special assessment of $600, which Defendant must pay to the Clerk of the Court on or before the date of sentencing.

6.     Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

7.     Withdrawal of Plea by Defendant or Rejection of Plea by Court

Should Defendant move to withdraw her guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

8.     Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that her breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

9.     Who is Bound by Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

10. <u>Modifications to Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Zachary R. Hafer.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: _____
Zachary R. Hafer
Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses, and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

*Genoveva Andrade*
Genoveva Andrade
Defendant
Date: December 8, 2020

I certify that Genoveva Andrade has read this Plea Agreement and that we have discussed its meaning. I believe she understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

*Ch Rnk*
Charles Rankin
Attorney for Defendant

Date: 12/8/2020

7