UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 18-10364-DPW |
| v. ) | |
| ) | |
| (2) GENOVEVA ANDRADE, ) | |
| ) | |
| Defendant ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant U.S. Attorneys, hereby submits its sentencing memorandum.

Defendant Genoveva Andrade, the former Chief of Staff to the Fall River Mayor, has now admitted that she betrayed the citizens of Fall River, was complicit in a thoroughly corrupt administration, and lied repeatedly to federal investigators. Because there must be consequences to such egregious breaches of the public trust, the government respectfully requests that the Court sentence defendant Andrade, in accordance with the Fed. R. Crim. P. 11(c)(1)(C) plea agreement in this case, to a term of <u>incarceration for a period of time served, 12 months of supervised release, a fine of $10,000, and a mandatory special assessment of $600.</u>

I.   Advisory Sentencing Guidelines

The parties' initial positions with respect to the Guidelines were set forth on pages 2-3 of the plea agreement as follows:

   i.   in accordance with USSG §§ 2Cl.1(a)(1), 2C1.1(b)(2), 2C1.1(b)(1)(E), 2C1.1(b)(3), 2Bl.1(a)(2), 3D1.l(a)(1), 3D1.l(a)(2), 3D1.l(a)(3), and 3D1.3, Defendant's total offense level is 26; and

   ii.  in accordance with USSG § 3El.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three.

Accordingly, in the plea agreement the parties calculated the total offense level as 23. However, like the defendant, *see* Def. Sent. Memo, ECF Dkt. No. 251, at 1, the government now agrees (for the same reasons) with the Guidelines calculation in the PSR at ¶¶ 40-60, corresponding to a total offense level of 27. Andrade's criminal history category is I, which results in a Guidelines Sentencing Range of 70 to 87 months' incarceration.

II.   Andrade's Role in the Offenses to Which She Pled Guilty

On December 14, 2020, Andrade pled guilty to all six counts with which she was charged in the Second Superseding Indictment. The evidence against Andrade was set forth in detail at the Rule 11 hearing (12/14/20 Tr. at 22-32), is described at length in ¶¶ 7-32 of the PSR, and was the subject of extensive testimony and other evidence at the recent trial of co-defendant Jasiel F. Correia, II (hereinafter, "Correia"). In essence, Andrade served as consigliere to the man who ran Fall River as an old-school, pay-to-play, corrupt city. She helped Correia shake down Charles Saliby, even telling Saliby that he was "family" after he had agreed to pay Correia a $125,000 cash bribe in return for a non-opposition letter. She counseled Correia and Costa to move away from the window (to avoid detection) when Costa kicked back $3,900 in cash to Correia. She corruptly gave $22,800, approximately half of her salary and almost all of a snow stipend, to Correia in return for getting and keeping her job as his chief of staff. And she lied repeatedly to federal investigators about her and Correia's roles in these offenses, notwithstanding the fact that she had been granted statutory immunity.

III.   Agreed-Upon Disposition

As the Court is aware, the parties have entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement with a joint recommendation for a sentence well below the advisory Guidelines Sentencing Range. The government has done so in this case after substantial deliberation,

extensive negotiation with defense counsel, consideration of the public interest in having a prompt trial against Correia, and in light of all of the 18 U.S.C. § 3553 factors, including defendant's lack of criminal history, health, the global pandemic, and the fact that Andrade was previously immunized.

The crimes committed in this case by a person in a position of public trust unquestionably warranted prosecution and just punishment.  At the same time, however, defendant has no meaningful criminal history (PSR at ¶¶ 62-65), was previously immunized, pled guilty in the middle of a global pandemic to a non-violent offense, and has accepted full responsibility for her crimes.  Here, it should be noted that Andrade's acceptance of responsibility stands in stark contrast to her co-defendant, who, after being found guilty by a jury of 21 out of 24 felony counts, defiantly stated that "the criminal justice system failed us today," and "eventually the real truth will come out."  *See* https://www.bostonglobe.com/2021/05/14/metro/jury-convicts-ex-fall-river-mayor-jasiel-f-correia-ii-extortion-wire-fraud-filing-false-tax-returns/

Under these circumstances, in light of the inapplicability of 18 U.S.C. § 3553(a)(2)(C), the public attention this case has received, which has amplified the important message of deterrence, the government does not believe that a sentence of incarceration is necessary to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553.  Instead, the government submits that, given the nature and circumstances of Andrade's offenses, and her history and characteristics, a sentence of time served, followed by 12 months of supervised release and a $10,000 fine, properly reflects the seriousness of her crimes, promotes respect for the rule of law, justly punishes Andrade, and affords adequate specific and general deterrence.  Accordingly, the government respectfully requests that the Court impose a sentence of <u>incarceration for a period of time served, 12 months of supervised release, a fine of $10,000, and</u>

a mandatory special assessment of $600., which the government believes is sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:     /s/ Zachary R. Hafer
        ZACHARY R. HAFER
        DAVID G. TOBIN
        Assistant U.S. Attorneys


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

/s/ Zachary R. Hafer
Zachary R. Hafer
Assistant U.S. Attorney

Date:   June 8, 2021