UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL #18-10364-DPW

_____

UNITED STATES

v.

GENOVEVA ANDRADE

_____

**DEFENDANT'S REQUESTS FOR JURY INSTRUCTIONS**

Genoveva Andrade, defendant in the above-captioned criminal case, hereby files, pursuant to F.R.Crim.P. 30, her requests for jury instructions. The defendant reserves the right to supplement these requests based upon subsequent proceedings and the evidence adduced at trial.

        Respectfully submitted,

        **GENOVEVA ANDRADE**

        By her attorneys,


           /s/ James L. Sultan
        James L. Sultan
        Charles W. Rankin
        Rankin & Sultan
        1666 Massachusetts Avenue, Suite P-16
        Lexington, MA 02420
        (617) 720-0011

I.      **FALSE STATEMENTS (18 U.S.C. § 1001).**

      A.      **Legal Analysis.**

Counsel for the defendant have reviewed the Court's instructions in *U.S. v. Phillipos*, No. 13-CR-10238-DPW-3, a false statements case, as a model. Counsel have also reviewed the following legal precedent which supports the requests made herein: *Bronston v. United States*, 409 U.S. 352, 358-359 (1973); *United States v, Newell,* 658 F.3d 1 22-28 (lst Cir. 2011); *United States v. Boskic*, 545 F.3d 69, 90-93 (1ˢᵗ Cir. 2008); *United States v. Richardson*, 421 F.3d 17, 31-34 (lst Cir. 2005); *United States v. Rowe*, 144 F.3d 15, 21 (1ˢᵗ Cir. 1998); *United States v. Glantz*, 847 F.2d 1, 6 (1ˢᵗ Cir. 1988). None of these key cases is mentioned in the government's proposed jury instructions.

As set forth by this Court in *Phillipos* (Tr. 10/21/14 at p. 127), the government must prove the following elements beyond a reasonable doubt to warrant a conviction under 18 U.S.C. §1001: (1) the defendant made the specific statement alleged in the indictment; (2) the statement was false; (3) the statement was made knowingly and willfully; (4) the statement was material; and (5) the statement was made in connection with a government investigation.

      1.      **The defendant made the specific statement alleged in the indictment.**

As the Court noted in *Phillipos* (at p. 125), the **statement** must be "an assertion of fact." Presumably, a statement of belief or opinion or a prediction about future acts or events would not suffice, and the jury should be so informed. So that is really a sixth element. In the alternative, it can be presented as the definition of "statement" as part of the first element of the offense.

      2.      **The statement was false.**

In *Phillipos* (at p. 128), the Court defined **false** as "untrue when made." In the defendant's

view, some additional instruction on this key element are necessary and appropriate. As the Supreme Court held in *Bronston*, a statement cannot be deemed "false" if there is any objectively reasonable interpretation under which it is literally true, irrespective of whether it could be deemed misleading ("literal truth defense"). *Bronston*, 409 U.S. at 358-359. *See also Boskic*, 545 F.3d at 91-92: *Rowe*, 144 F.3d at 21; *Glantz*, 847 F.2d at 6.

       **3.**    **The statement was made knowingly and willfully.**

In *Phillipos* (at p. 128)*,* the Court defined **knowingly** and **willfully** as follows:

> [A] false statement is made knowingly if the maker of the statement knows it to be untrue at the time that [she] makes it such that the person making the statement realized what [she] was doing and was aware of the nature of [her] conduct.
>
> A statement is made willfully if it is made voluntarily and intentionally with the bad purpose and intent to disobey or disregard the law and not as a result of some inadvertence, or some mistake, or misunderstanding, or accident. The Government [ ] need not prove that the defendant was aware of the specific provision of the law . . . . What is important is whether or not the Government has proven that the defendant was aware that [her] conduct was wrongful.

The defendant concurs with those definitions.

       **4.**    **The statement was material.**

In *Phillipos* (at p. 128), the Court defined **material** as follows:

> A statement is material if it has a natural tendency to influence or to be capable of influencing the decision of the decision-maker to which it was directed, regardless of whether the decision-maker actually relied on it.

The defendant concurs with that definition.

       **5.**    **The statement was made in connection with a government investigation.**

The Court will presumably make reference to the specific investigation described in the

evidence at trial in instructing the jury on that element of this alleged offense.

      **6.**    **Specific unanimity.**

The Court has indicated that it intends to give a specific unanimity instruction respecting the specific false statements alleged in the indictment, as required by precedent. *See, e.g., Newell*, 658 F.3d at 22-28. In other words, in order to convict the defendant on this count, all 12 jurors must agree that the government has proven beyond a reasonable doubt that she made at least one of the specific false statements alleged. The defendant concurs.

      **7.**    **"Safe full of money."**

The defendant reiterates her strong objection to the Court's instructing the jury that Andrade allegedly made four false statements (a, b.(1), b.(2), and c), rather than three, and providing the jury with two alternative ways of convicting her of making false statement b. Andrade is not alleged to have made **any** statement, true or false, regarding a "safe full of cash" to government agents. Accordingly, she cannot be convicted of such a non-crime. In order to convict Andrade of violating 18 U.S.C. §1001 for making statement b, as alleged in the indictment, the government must prove beyond a reasonable doubt the following: (1) Andrade stated: "I swear to you, no, [Correia] would not give a letter of non-opposition to an individual/group involved in the marijuana dispensary for money;" (2) that statement was an assertion of fact; (3) the statement was false; (4) she made the statement knowingly and willfully; (5) the statement was material; and (6) the statement was made in connection with a government investigation. There is no possible alternative route to convicting her of that alleged offense which comports with due process. As the government has explained, **the "safe full of money" quote attributed to Andrade by David Hebert is purely evidentiary; it is not a separately-charged false statement**. Indeed, the government contends that

the alleged "safe full of money" statement was true, not false.

      **B.**    **Specific Requests**.

            1.    In order to find the defendant guilty of violating this statute (18 U.S.C. § 1001), you must find beyond a reasonable doubt that she made a false *statement*. Such a statement must be an assertion of fact. An assertion of opinion or belief or a prediction about future acts or events will not suffice.

            2.    A statement may not be deemed false if there is any objectively reasonable interpretation under which it is literally true, irrespective of whether it could be considered to be misleading and irrespective of her intent.

## II. EXTORTION AND EXTORTION CONSPIRACY (18 U.S.C. § 1951).

Counsel for the defendant have reviewed the Court's instructions on these offenses in the trial of co-defendant, Jasiel Correia. In addition to the instructions delivered there, defendant requests that the Court tell the jury in the context of instructing on those alleged offenses that mere knowledge or presence is insufficient to prove either extortion or extortion conspiracy.

## III. BRIBERY (18 U.S.C. § 666)

Counsel for the defendant have reviewed the Court's instructions on this offense in the Correia trial. Counsel objects to any instruction informing the jury that it is sufficient that Andrade intended to "reward" Correia. It is now settled law in the First Circuit that § 666 does not criminalize gratuities. *E.g. United States v. Fernandez*, 722 F.3d 1, 6, 19-27 (1ˢᵗ Cir. 2013); *United States v. O'Brien*, 994 F.Supp. 2d 167, 187 (D. Mass. 2014) (Saylor, J.). A "reward" may well be interpreted by the jury as akin to a gratuity insufficient to support a conviction under this statute. Rather, the government must prove that Andrade intended to influence Correia and that there was a *quid pro quo* – "a specific intent to give . . . something of value *in exchange* for an official act." *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404-405 (1999)(*emphasis in original*). Moreover, the offer of payment must precede the official act. *Fernandez*, 722 F.3d at 23. A "reward"

is not enough, and that confusing and misleading term should not be included in the jury instructions for this alleged offense in the circumstances of this case.[1/]

## IV.     GENERAL INSTRUCTIONS.

The defendant requests that the Court specifically instruct the jury that they should not engage in speculation of any kind in the course of their deliberations.

---

[1/]     This is the approach recently adopted by the Court of Appeals for the Third Circuit in its model instructions, revised in February, 2021. *See* § 6.18.666A2 of Model Criminal Jury Instructions found at *https//www.ca3.uscourts.gov/model-criminal-jury-table-contents-and-instructions* (visited 12/5/21). The notes to that model instruction explain that it has been modified "to reflect that the jury should not routinely be instructed that it can convict if the defendant intended to be 'rewarded' in connection with actions taken." *Id.*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the Electronic Filing System (CM/ECF) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on December 5, 2021.

/s/Charles W. Rankin

Charles W. Rankin

.