

U.S. Department of Justice

*Rachael S. Rollins*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

February 17, 2022

Charles W. Rankin
James L. Sultan
Rankin & Sultan
Attorneys at Law
1666 Massachusetts Avenue, Suite P-16
Lexington, MA 02420

   Re: United States v. Genoveva Andrade
     Criminal No. 18-10364-DPW

Dear Messrs. Rankin and Sultan:

  The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Genoveva Andrade ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

  1. <u>Change of Plea</u>

  Defendant will plead guilty to Count Twenty-Six of the Second Superseding Indictment (Dkt. No. 69):  False Statements, in violation of 18 U.S.C. § 1001(a)(2). Defendant admits that Defendant committed the crime related to "Statement 3" specified in Count Twenty-Six and is in fact guilty of making the false statement, "Statement 3" in Count Twenty-Six.

  Upon sentencing of Defendant on Count Twenty-Six of the Second Superseding Indictment: False Statements, in violation of 18 U.S.C. § 1001(a)(2), the U.S. Attorney will dismiss the following Counts of the Second Superseding Indictment: Count Twenty, Extortion Conspiracy, in violation of 18 U.S.C. § 1951; Count Twenty-One, Extortion and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951 and 2; and Count Twenty-Five, Bribery, in violation of 18 U.S.C. § 666(a)(2).

2. <u>Penalties</u>

Defendant faces the following maximum penalties on Count Twenty-Six of the Second Superseding Indictment: incarceration for five years; supervised release for three years; a fine of $250,000; and a mandatory special assessment of $100.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 4:

    a) Pursuant to USSG § 2B1.1(a)(2), Defendant's base offense level is 6; and

    b) In accordance with USSG § 3E1.1(a), Defendant's offense level is decreased by two, because Defendant has accepted responsibility for Defendant's crime.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The parties agree to recommend the following sentence to the Court:

    a) incarceration for a period of time-served, to be followed by 12 months of supervised release;

    b) a fine of $10,000; and

    c) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing.

5. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts Twenty, Twenty-One, and Twenty-Five of the Second Superseding Indictment.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney's Office the right to be released from its commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Dustin Chao.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By: _____
DUSTIN CHAO
Chief, Public Corruption Unit


_____
DAVID G. TOBIN
Assistant United States Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received an offer by letter dated December 7, 2020, which I accepted, but the Honorable Court rejected that prior plea agreement entered into by the parties.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
GENOVEVA ANDRADE
Defendant

Date: 2/22/22

I certify that Genoveva Andrade has read this and that we have discussed what it means. I believe Genoveva Andrade understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that, in addition to this offer, the U.S. Attorney's Office extended an offer dated December 7, 2020, I fully discussed that offer with Defendant, and Defendant accepted that offer, but the Honorable Court rejected that prior agreement entered into by the parties.

_____
CHARLES W. RANKIN
JAMES L. SULTAN
Attorneys for Defendant

Date: 2/22/22

5